UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
PHYLLIS CARTER, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                              Plaintiff,

        -against-

CABLEVISION SYSTEMS CORP., CSC HOLDINGS, LLC,
and NEPTUNE HOLDING US CORP d/b/a ALTICE USA,

                             Defendants.
------------------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

**Jury Trial Demanded**

PHYLLIS CARTER ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against Cablevision Systems Corp. ("Cablevision"), CSC Holdings, LLC ("CSC"), and Neptune Holding US Corp. d/b/a Altice USA ("Neptune"), (together as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay wages to their employees in accordance with the agreed terms of employment, NYLL §§ 190, 191, and 663(1); (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their

1

employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers pay their employees on at least a semi-monthly basis, § NYLL 191(d); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendants - - a cable television provider/multiple system operator company and the two holding companies that have owned and operated it - - as an hourly Customer Service Representative for television service repair and billing at their call center located in Bethpage, New York, from February 2012 to the present. As described below, for the entirety of her employment, Defendants have routinely required Plaintiff to work past the scheduled end time of her shift, yet when that occurs, Defendants do not pay Plaintiff for the first seven minutes of work each day that she performs after her scheduled shift ends, and instead only pay Plaintiff for work that she performs after her scheduled shift ends that exceeds seven minutes. Thus, when those extra minutes, which add up to as much as approximately thirty minutes per week, exceed forty hours of work in total for the week, Defendants have failed to pay Plaintiff at the legally-required overtime rate of time and one-half her straight-time rate for that time, in violation of the FLSA and NYLL. When those extra minutes that Plaintiff works each week do not exceed forty hours in total for the week, Defendants have failed to pay Plaintiff her earned wages at her straight-time rate in violation of the NYLL.

3. Additionally, Defendants have failed to provide Plaintiff with accurate wage statements on each payday, as the NYLL requires, as every wage statement that Defendants have provided to Plaintiff omits the time that Plaintiff works each week as described in the prior paragraph.

4. Finally, since July 14, 2016 and continuing to the present, Defendants have failed to pay Plaintiff on at least a semi-monthly basis, as NYLL requires, and have instead paid Plaintiff every sixteen to nineteen days.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside in this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times, Plaintiff was a resident of the State of New York and an "employee" entitled to protection as defined by the FLSA and the NYLL.

10. At all relevant times, Defendant Cablevision was and is a corporation organized under the laws of the State of New York with its principal place of business located at 1111 Stewart Avenue, Bethpage, New York 11714

11. At all relevant times, Defendant CSC was and is a Delaware limited liability company, with its principal place of business located at 80 State Street, Albany, New York 12207.

12. At all relevant times, Defendant Neptune was and is a Delaware corporation with its principal place of business also located at 80 Street, Albany, New York, 12207.

13. At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, each of Defendants' qualifying annual business independently exceeded and exceeds $500,000. Finally, Defendants CSC and Neptune were engaged in interstate commerce within the meaning of the FLSA as they are incorporated in Delaware and hold their principal place of business in New York, and Defendant Cablevision was engaged in interstate commerce within the meaning of the FLSA as it uses goods, equipment, and other materials in the course of its business, such as phones, paper, electrical wires, and office supplies, much of which originates in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants her full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for

4

Defendants as hourly customer service representatives who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

16. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose and choose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendants subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

19. The Rule 23 Class that Plaintiff seeks to define includes:

> Current and former employees of Defendants who performed any work for Defendants as hourly customer service representatives during the statutory period within the State of New York who (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not paid their wages in accordance with their agreed terms of employment; and/or (3) were not provided with the statutorily-required wage statements on each payday that contained all of the complete and accurate information that NYLL § 195(3) requires; and/or (4) were not paid on at least as frequently as a semi-monthly basis ("Rule 23 Plaintiffs");

<u>Numerosity</u>

20. During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of the Rule 23 Class.

<u>Common Questions of Law and Fact</u>

21. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that Defendants required the Rule 23 Plaintiffs to perform and whether Defendants paid Rule 23 Plaintiff on an hourly basis; (2) whether Defendants denied the Rule 23 Plaintiffs compensable time for all hours worked; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily-required rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty; (5) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday as required by NYLL § 195; (6)

whether Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants failed to pay Rule 23 Class Plaintiffs in accordance with the agreed terms of employment; (9) whether Defendants paid Rule 23 Class Plaintiffs on at least a semi-monthly basis; (10) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions were in violation of the NYLL and the NYCCRR; and (12) if so, what the proper measure of damages is.

Typicality of Claims and/or Defenses

22. As described in the facts section below, Defendants employed Plaintiff as an hourly worker. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, or have worked, for Defendants as hourly employees, and Defendants have failed to pay their overtime and straight-time rates for all time worked, furnish them with accurate wage statements on each payday, and/or pay them on at least a semi-monthly basis. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR: to be paid their full straight-time rate for all hours worked up to forty and one and one-half times their straight-time rates for all hours worked per week in excess of forty; to be furnished with accurate wage statements on each payday; and to be paid on at least a semi-monthly basis. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

Adequacy

23. Plaintiff has worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants have not paid Plaintiff at the statutorily-required overtime rates of pay for all hours worked over forty and have not compensated Plaintiff for all hours worked, which is substantially-similar to how Defendants have paid the Rule 23 Plaintiffs. Furthermore, Defendants have not paid Plaintiff on at least a semi-monthly basis or furnished her with accurate wage statements on each payday, which, again, is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have similarly mistreated.

24. In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation. Plaintiff's attorneys specialize in employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the NYLL and the NYCCRR.

Superiority

25. Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner. As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

26. Any lawsuit brought by one of Defendants' hourly employees for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants for the same violations.

27.     Accordingly, a class action lawsuit would be best suited for protecting the Rule 23 Plaintiffs' rights and would be superior to any other method.

## BACKGROUND FACTS

28.     From in or about 1989 to in or about 2015, Defendant Cablevision was a cable television provider/multiple system operator, which provided its services to customers in the New York Metropolitan area, including Brooklyn and Long Island.

29.     CSC is a holding company, which has owned and operated Cablevision from in or about 2009 to the present.

30.     Altice USA, which has yet to become incorporated, is a multinational cable, fiber, telecommunications, contents and media company with presence in four regions − Western Europe (comprising France, Belgium, Luxembourg, Portugal, and Switzerland), the United States, Israel, and the Overseas Territories (currently comprising the French Caribbean and the Indian Ocean regions and the Dominican Republic).  Neptune is the American formed subsidiary corporation of Altice USA.

31.     In or about June 2016, Neptune purchased Cablevision for approximately $17.7 billion and took over all of its operations starting in or about July 2016.

32.     Cablevision and CSC jointly hired Plaintiff in February of 2012 as a Customer Service Representative for television service repair and billing at their call center located at 6 Corporate Center Drive in Bethpage.  Throughout her employment, Plaintiff's duties have mainly consisted of answering all incoming calls from Optimum subscribers pertaining to troubleshooting and billing.

33.     Throughout her employment, Defendants have regularly scheduled Plaintiff to work, and she has in fact regularly worked, from 9:00 a.m. to 8:00 p.m., four days per week, with

a one hour lunch break and two twenty minute breaks each day, for a total of thirty-seven hours and twenty minutes per week.

34.     From in or about February 2012 to in or about May 2016, Defendants Cablevision and CSC, on an almost weekly basis, asked Plaintiff to work, and she did in fact regularly work, an additional five to twenty hours per week, over and beyond her regularly scheduled hours, and thus during those weeks, she worked more than forty hours.

35.     Throughout her employment, on those very frequent instances when Plaintiff works past her regularly-scheduled shift, Defendants have failed to compensate Plaintiff for the first seven minutes of work that she performs after each of her regularly scheduled shifts ends. By way of example, if Plaintiff was scheduled to work until 8:00 p.m., but instead she worked until 9:00 p.m., Defendants would not compensate Plaintiff, at any rate of pay, for her time worked between 8:00 and 8:07 p.m., and would only compensate her for time worked after 8:07 p.m.  This results in Defendants failing to compensate Plaintiff for up to twenty-eight minutes of work that she performed or performs in any given week.

36.     An example of this occurred during the first week of November, 2015, during which Plaintiff worked a total of fifty-seven hours and twenty minutes, yet Defendants did not compensate Plaintiff for twenty-eight minutes of that work pursuant to the policy described in the prior paragraph.

37.     Throughout her employment, in exchange for her work, Defendants have paid Plaintiff at an hourly rate of $22.00 for her first forty hours of work and at an overtime rate of $33.00 for hours worked over forty, except, as explained above, for the first seven minutes that Plaintiff works after her regularly scheduled shift ends.

38. On each occasion when Defendants paid Plaintiff, Defendants did not provide her with wage statements that accurately reflected the amount of hours that she worked, as required by law, as her wage statement omitted listing all of the extra time that Plaintiff worked or that Defendants paid her for that time.

39. Throughout her employment, Defendants have paid Plaintiff, until recently, by check on a bi-weekly basis, with payday being every other Thursday.

40. From February 2012 to July 14, 2016, Defendants made paychecks available to Plaintiff and all of Defendants' employees at their respective work centers.

41. On June 29, 2016, a few days after Atlice acquired Cablevision, Defendants sent a mass email to all employees informing them that, effective July 14, 2016, Defendants' payroll vendor in New Jersey would mail paychecks to the employees' addresses listed on file. Defendants stressed that paychecks would be mailed to employees every Tuesday prior to the pay date (which still remained every other Thursday) to ensure that employees would receive the checks by their pay date.

42. Following the email announcement on June 29, 2016, Plaintiff did not receive her paycheck until July 16, 2016, or two days after her pay date of Thursday July 14, 2016. Indeed, the first mailing envelope of Plaintiff's paycheck was post stamped Wednesday, July 13, 2016, or one day before payday, as opposed to July 12, 2016, which is when Defendants said they would be mailing paychecks, and it was not sent via overnight mail.

43. On or about July 20, 2016, Plaintiff informed Denise Donovan-Santiago, Human Resources, that she had received her first paycheck, following the new paycheck policy, two days late. On or about July 21, 2016, Donovan-Santiago told Plaintiff that the Defendants were

seeking ways to cut costs and that mailing payroll checks was one of the ways they were doing that. To date, Defendants have not rectified the situation.

44. In fact, since June 29, 2016, Plaintiff has received all of her paychecks several days after each scheduled pay date. Most notably, Plaintiff received her paycheck for pay date October 20, 2016 on October 25, 2016, or five days late.

45. All of Plaintiff's paychecks, including those issued after Neptune's purchase of Cablevision, are made out from CSC's business account.

46. Defendants acted in the manner described herein so as to maximize their profits while, admittedly, minimizing their labor costs.

47. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

48. Every hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
### *Unpaid Overtime Under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

56. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

59. As described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

60. Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages in Violation of the NYLL*

62. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

64. Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

65. As described above, Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs at their respective regular rates of pay for each hour that they worked in accordance with the agreed terms of employment.

66. At the least, Plaintiff and Rule 23 Plaintiffs are entitled to recover for all hours worked for Defendants, but for which Defendants did not provide compensation, at their respective regular rates of pay.

67. Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay wages in accordance with the agreed terms of employment.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70. Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

71. As described above, Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with wage statements on each payday that accurately contained the criteria that the NYLL requires.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

74. Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 191(d) requires that employers pay employees their wages not less than semi-monthly.

76. Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

77. As described above, Defendants failed to pay Plaintiff and Rule 23 Plaintiffs on at least a semi-monthly basis, as the NYLL requires.

78. Plaintiff and Rule 23 Plaintiffs are entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL.

## DEMAND FOR A JURY TRIAL

79. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

      h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Designation of Plaintiff and her counsel as collective/class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 other and further relief as this Court finds necessary and proper.

Dated:  November 21, 2016
          Great Neck, New York

                                  Respectfully submitted,

                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  1010 Northern Boulevard, Suite 328
                                  Great Neck, New York 11021
                                  Tel. (516) 248-5550
                                  Fax. (516) 248-6027

                                  _____
                                  LOUIS M. LEON, ESQ (LL 2057)
                                  ALEXANDER T. COLEMAN, ESQ (AC 8151)
                                  MICHAEL J. BORRELLI, ESQ (MB 8533)