UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

PHYLLIS CARTER, on behalf of herself,     :
individually, and on behalf of all others     :
similarly-situated,     :
    :
    :
          Plaintiff,     :
    :        Case No. 2:16-cv-06456 (JS) (SIL)
   -against-     :
    :      **ANSWER TO COMPLAINT**
    :
CABLEVISION SYSTEMS CORP., CSC     :
HOLDINGS, LLC, and NEPTUNE     :
HOLDING US CORP d/b/a ALTICE USA,     :
    :
          Defendants.     :
    :

------------------------------------------------------- X

Defendants Cablevision Systems Corp., CSC Holdings, LLC, and Neptune Holding US

Corp d/b/a Altice USA ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP,

hereby submit their Answer to the Complaint as follows:

<u>NATURE OF CASE</u>

<u>COMPLAINT ¶1:</u>

This is a civil action for damages and equitable relief based upon Defendants' willful
violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor
Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York
Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-
2.2; (iii) the NYLL's requirement that employers pay wages to their employees in accordance
with the agreed terms of employment, NYLL §§ 190, 191, and 663(1); (iv) the NYLL's
requirement that employers provide on each payday proper wage statements to their employees
containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's
requirement that employers pay their employees on at least a semi-monthly basis, § NYLL
191(d); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

<u>ANSWER:</u>

Paragraph 1 of the Complaint contains an introductory summary and conclusions of law,

as to which no response is required, but to the extent a response is deemed required, Defendants

deny that Plaintiff or any members of the proposed class or collective are entitled to any relief

from Defendants whatsoever.

**COMPLAINT ¶2:**

Plaintiff has worked for Defendants - - a cable television provider/multiple system operator company and the two holding companies that have owned and operated it - - as an hourly Customer Service Representative for television service repair and billing at their call center located in Bethpage, New York, from February 2012 to the present.  As described below, for the entirety of her employment, Defendants have routinely required Plaintiff to work past the scheduled end time of her shift, yet when that occurs, Defendants do not pay Plaintiff for the first seven minutes of work each day that she performs after her scheduled shift ends, and instead only pay Plaintiff for work that she performs after her scheduled shift ends that exceeds seven minutes.  Thus, when those extra minutes, which add up to as much as approximately thirty minutes per week, exceed forty hours of work in total for the week, Defendants have failed to pay Plaintiff at the legally-required overtime rate of time and one-half her straight-time rate for that time, in violation of the FLSA and NYLL.  When those extra minutes that Plaintiff works each week do not exceed forty hours in total for the week, Defendants have failed to pay Plaintiff her earned wages at her straight-time rate in violation of the NYLL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 2 of the Complaint except admit

that Plaintiff has worked for CSC Holdings LLC from February 17, 2012 to the present as a

Customer Service Representative.

**COMPLAINT ¶3:**

Additionally, Defendants have failed to provide Plaintiff with accurate wage statements on each payday, as the NYLL requires, as every wage statement that Defendants have provided to Plaintiff omits the time that Plaintiff works each week as described in the prior paragraph.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Finally, since July 14, 2016 and continuing to the present, Defendants have failed to pay Plaintiff on at least a semi-monthly basis, as NYLL requires, and have instead paid Plaintiff every sixteen to nineteen days.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 4 of the Complaint.

36166660v.3

## COMPLAINT ¶5:

Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.

## ANSWER:

Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit

that Plaintiff purports to bring a collective action on her own behalf and behalf of others.

Answering further, Defendants deny that Plaintiff or any members of the proposed class or

collective are entitled to any relief from Defendants whatsoever.

## COMPLAINT ¶6:

Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCCRR.

## ANSWER:

Defendants deny the allegations contained in Paragraph 6 of the Complaint, except admit

that Plaintiff purports to bring a class action on her own behalf and behalf of others.  Answering

further, Defendants deny that Plaintiff or any members of the proposed class or collective are

entitled to any relief from Defendants whatsoever.

## JURISDICTION AND VENUE

## COMPLAINT ¶7:

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

36166660v.3

**ANSWER:**

Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims

arising under federal law and supplemental jurisdiction over Plaintiffs' claims arising under state

law.

**COMPLAINT ¶8:**

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of
the Defendants reside in this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of
the acts and/or omissions giving rise to the claims for relief occurred within this judicial district.

**ANSWER:**

Defendants admit that venue is proper in this District, but deny the remaining allegations

of Paragraph 8.

## PARTIES

**COMPLAINT ¶9:**

At all relevant times, Plaintiff was a resident of the State of New York and an
"employee" entitled to protection as defined by the FLSA and the NYLL.

**ANSWER:**

Defendants lack information and knowledge sufficient to admit or deny the allegations of

Paragraph 9 but admit that Plaintiff is an "employee" within the meaning of the FLSA and

NYLL.

**COMPLAINT ¶10:**

At all relevant times, Defendant Cablevision was and is a corporation organized under the
laws of the State of New York with its principal place of business located at 1111 Stewart
Avenue, Bethpage, New York 11714.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 10 of the Complaint.

36166660v.3

**COMPLAINT ¶11:**

At all relevant times, Defendant CSC was and is a Delaware limited liability company, with its principal place of business located at 80 State Street, Albany, New York 12207.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 11 of the Complaint except admit

that Defendant CSC was and is a Delaware limited liability company.

**COMPLAINT ¶12:**

At all relevant times, Defendant Neptune was and is a Delaware corporation with its principal place of business also located at 80 State Street, Albany, New York, 12207.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 12 of the Complaint except admit

that Defendant Neptune was and is a Delaware corporation.

**COMPLAINT ¶13:**

At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR.  Additionally, each of Defendants' qualifying annual business independently exceeded and exceeds $500,000.  Finally, Defendants CSC and Neptune were engaged in interstate commerce within the meaning of the FLSA as they are incorporated in Delaware and hold their principal place of business in New York, and Defendant Cablevision was engaged in interstate commerce within the meaning of the FLSA as it uses goods, equipment, and other materials in the course of its business, such as phones, paper, electrical wires, and office supplies, much of which originates in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 13 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

**COMPLAINT ¶14:**

Plaintiff seeks to bring this suit to recover from Defendants her full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

36166660v.3

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as hourly customer service representatives who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

**ANSWER:**

Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff purports to bring a collective action on her own behalf and on behalf of others.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

**COMPLAINT ¶15:**

Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 15 of the Complaint.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

**COMPLAINT ¶16:**

At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose and choose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 16 of the Complaint.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

36166660v.3

## RULE 23 CLASS ALLEGATIONS

**COMPLAINT ¶17:**

In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, Defendants subjected to violations of the NYLL and the NYCCRR.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Plaintiff purports to bring a class and collective action on her own behalf and on behalf of others.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

**COMPLAINT ¶18:**

Under FRCP 23(b)(3), a plaintiff must plead that:

a.      The class is so numerous that joinder is impracticable;

b.      There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.      Claims or defenses of the representative are typical of the class;

d.      The representative will fairly and adequately protect the class; and

e.      A class action is superior to other methods of adjudication.

**ANSWER:**

Paragraph 18 purports to summarize FRCP 23(b)(3), as to which no response is required, Defendants respectfully refer the Court to the cited rule for a statement of its contents. Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

**COMPLAINT ¶19:**

The Rule 23 Class that Plaintiff seeks to define includes:

36166660v.3

Current and former employees of Defendants who performed any work for Defendants as hourly customer service representatives during the statutory period within the State of New York who (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not paid their wages in accordance with their agreed terms of employment; and/or (3) were not provided with the statutorily-required wage statements on each payday that contained all of the complete and accurate information that NYLL § 195(3) requires; and/or (4) were not paid on at least as frequently as a semi-monthly basis ("Rule 23 Plaintiffs");

**ANSWER:**

Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Plaintiff purports to bring a class action on her own behalf and on behalf of others. Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

Numerosity

**COMPLAINT ¶20:**

During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of the Rule 23 Class.

**ANSWER:**

As to Paragraph 20 of the Complaint, Defendants admit that the putative class, as defined in the Complaint, includes 40 or more members, but deny that this action may be maintained as a class action. Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

Common Questions of Law and Fact

**COMPLAINT ¶21:**

There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that Defendants required the Rule 23 Plaintiffs to perform and whether Defendants paid Rule 23 Plaintiff on an hourly basis; (2) whether Defendants denied the Rule 23 Plaintiffs compensable time for all hours worked; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily-required rate of one and one-half times their respective straight-time rates of pay for

hours worked per week over forty; (5) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday as required by NYLL § 195; (6) whether Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants failed to pay Rule 23 Class Plaintiffs in accordance with the agreed terms of employment; (9) whether Defendants paid Rule 23 Class Plaintiffs on at least a semi-monthly basis; (10) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions were in violation of the NYLL and the NYCCRR; and (12) if so, what the proper measure of damages is.

**ANSWER:**

Defendants deny the allegations in Paragraph 21.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

Typicality of Claims and/or Defenses

**COMPLAINT ¶22:**

As described in the facts section below, Defendants employed Plaintiff as an hourly worker.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, or have worked, for Defendants as hourly employees, and Defendants have failed to pay their overtime and straight-time rates for all time worked, furnish them with accurate wage statements on each payday, and/or pay them on at least a semi-monthly basis.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR: to be paid their full straight-time rate for all hours worked up to forty and one and one-half times their straight-time rates for all hours worked per week in excess of forty; to be furnished with accurate wage statements on each payday; and to be paid on at least a semi-monthly basis.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

**ANSWER:**

Defendants deny the allegations in Paragraph 22.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

36166660v.3

Adequacy

**COMPLAINT ¶23:**

Plaintiff has worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  Defendants have not paid Plaintiff at the statutorily-required overtime rates of pay for all hours worked over forty and have not compensated Plaintiff for all hours worked, which is substantially-similar to how Defendants have paid the Rule 23 Plaintiffs. Furthermore, Defendants have not paid Plaintiff on at least a semi-monthly basis or furnished her with accurate wage statements on each payday, which, again, is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have similarly mistreated.

**ANSWER:**

Defendants deny the allegations in Paragraph 23.  Answering further, Defendants deny

that Plaintiff or any members of the proposed class or collective are entitled to any relief from

Defendants whatsoever.

**COMPLAINT ¶24:**

In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation.  Plaintiff's attorneys specialize in employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the NYLL and the NYCCRR.

**ANSWER:**

Defendants lack knowledge or information sufficient to admit or deny the allegations of

Paragraph 24.

Superiority

**COMPLAINT ¶25:**

Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner. As such, the material facts concerning Plaintiffs claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

36166660v.3

**ANSWER:**

Defendants deny the allegations in Paragraph 25.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

**COMPLAINT ¶26:**

Any lawsuit brought by one of Defendants' hourly employees for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants for the same violations.

**ANSWER:**

Defendants deny the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Accordingly, a class action lawsuit would be best suited for protecting the Rule 23 Plaintiffs' rights and would be superior to any other method.

**ANSWER:**

Defendants deny the allegations in Paragraph 27.

## BACKGROUND FACTS

**COMPLAINT ¶28:**

From in or about 1989 to in or about 2015, Defendant Cablevision was a cable television provider/multiple system operator, which provided its services to customers in the New York Metropolitan area, including Brooklyn and Long Island.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

CSC is a holding company, which has owned and operated Cablevision from in or about 2009 to the present.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

36166660v.3

**COMPLAINT ¶30:**

Altice USA, which has yet to become incorporated, is a multinational cable, fiber, telecommunications, contents and media company with presence .in four regions — Western Europe (comprising France, Belgium, Luxembourg, Portugal, and Switzerland), the United States, Israel, and the Overseas Territories (currently comprising the French Caribbean and the Indian Ocean regions and the Dominican Republic).  Neptune is the American formed subsidiary corporation of Altice USA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the Complaint except admit

that Neptune is American formed subsidiary and is Altice USA.

**COMPLAINT ¶31:**

In or about June 2016, Neptune purchased Cablevision for approximately $17.7 billion and took over all of its operations starting in or about July 2016.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶32:**

Cablevision and CSC jointly hired Plaintiff in February of 2012 as a Customer Service Representative for television service repair and billing at their call center located at 6 Corporate Center Drive in Bethpage.  Throughout her employment, Plaintiff's duties have mainly consisted of answering all incoming calls from Optimum subscribers pertaining to troubleshooting and billing.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 32 of the Complaint except that

Plaintiff has been employed by CSC Holdings LLC as a Customer Service Representative since

February 17, 2012.

**COMPLAINT ¶33:**

Throughout her employment, Defendants have regularly scheduled Plaintiff to work, and she has in fact regularly worked, from 9:00 a.m. to 8:00 p.m., four days per week, with a one hour lunch break and two twenty minute breaks each day, for a total of thirty-seven hours and twenty minutes per week.

36166660v.3

**ANSWER:**

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

From in or about February 2012 to in or about May 2016, Defendants Cablevision and CSC, on an almost weekly basis, asked Plaintiff to work, and she did in fact regularly work, an additional five to twenty hours per week, over and beyond her regularly scheduled hours, and thus during those weeks, she worked more than forty hours.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Throughout her employment, on those very frequent instances when Plaintiff works past her regularly-scheduled shift, Defendants have failed to compensate Plaintiff for the first seven minutes of work that she performs after each of her regularly scheduled shifts ends.  By way of example, if Plaintiff was scheduled to work until 8:00 p.m., but instead she worked until 9:00 p.m., Defendants would not compensate Plaintiff, at any rate of pay, for her time worked between 8:00 and 8:07 p.m., and would only compensate her for time worked after 8:07 p.m. This results in Defendants failing to compensate Plaintiff for up to twenty-eight minutes of work that she performed or performs in any given week.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

An example of this occurred during the first week of November, 2015, during which Plaintiff worked a total of fifty-seven hours and twenty minutes, yet Defendants did not compensate Plaintiff for twenty-eight minutes of that work pursuant to the policy described in the prior paragraph.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Throughout her employment, in exchange for her work, Defendants have paid Plaintiff at an hourly rate of $22.00 for her first forty hours of work and at an overtime rate of $33.00 for hours worked over forty, except, as explained above, for the first seven minutes that Plaintiff works after her regularly scheduled shift ends.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 37 of the Complaint except aver

that Plaintiff has received overtime pay at the rate of one-and-one-half times her regular rate of

pay as required by law.

**COMPLAINT ¶38:**

On each occasion when Defendants paid Plaintiff, Defendants did not provide her with
wage statements that accurately reflected the amount of hours that she worked, as required by
law, as her wage statement omitted listing all of the extra time that Plaintiff worked or that
Defendants paid her for that time.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Throughout her employment, Defendants have paid Plaintiff, until recently, by check on
a bi-weekly basis, with payday being every other Thursday.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

From February 2012 to July 14, 2016, Defendants made paychecks available to Plaintiff
and all of Defendants' employees at their respective work centers.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 39 of the Complaint except admit

that employees were offered the opportunity to receive paychecks at their respective work

location.

**COMPLAINT ¶41:**

On June 29, 2016, a few days after Atlice acquired Cablevision, Defendants sent a mass
email to all employees informing them that, effective July 14, 2016, Defendants' payroll vendor
in New Jersey would mail paychecks to the employees' addresses listed on file. Defendants
stressed that paychecks would be mailed to employees every Tuesday prior to the pay date

14

(which still remained every other Thursday) to ensure that employees would receive the checks by their pay date.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 39 of the Complaint except admit

that a mass communication was sent to employees informing them of a change in payroll

distribution effective July 14, 2016.

**COMPLAINT ¶42:**

Following the email announcement on June 29, 2016, Plaintiff did not receive her paycheck until July 16, 2016, or two days after her pay date of Thursday July 14, 2016. Indeed, the first mailing envelope of Plaintiff's paycheck was post stamped Wednesday, July 13, 2016, or one day before payday, as opposed to July 12, 2016, which is when Defendants said they would be mailing paychecks, and it was not sent via overnight mail.

**ANSWER:**

Defendants lack knowledge or information sufficient to admit or deny the allegations

contained in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

On or about July 20, 2016, Plaintiff informed Denise Donovan-Santiago, Human Resources, that she had received her first paycheck, following the new paycheck policy, two days late.  On or about July 21, 2016, Donovan-Santiago told Plaintiff that the Defendants were seeking ways to cut costs and that mailing payroll checks was one of the ways they were doing that.  To date, Defendants have not rectified the situation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 43 of the Complaint except admit

that Plaintiff and Denise Donovan-Santiago spoke on or around July 20, 2016 and July 21, 2016

regarding the mailing of payroll checks.

**COMPLAINT ¶44:**

In fact, since June 29, 2016, Plaintiff has received all of her paychecks several days after each scheduled pay date.  Most notably, Plaintiff received her paycheck for pay date October 20, 2016 on October 25, 2016, or five days late.

36166660v.3

**<u>ANSWER:</u>**

Defendants lack knowledge or information sufficient to admit or deny the allegations

contained in Paragraph 44 of the Complaint.

**<u>COMPLAINT ¶45:</u>**

All of Plaintiff's paychecks, including those issued after Neptune's purchase of
Cablevision, are made out from CSC's business account.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 45 of the Complaint except admit

that CSC Holdings is listed on Plaintiff's paycheck.

**<u>COMPLAINT ¶46:</u>**

Defendants acted in the manner described herein so as to maximize their profits while,
admittedly, minimizing their labor costs.

**<u>ANSWER:</u>**

Defendants lack knowledge or information sufficient to admit or deny the allegations

contained in Paragraph 46 of the Complaint.

**<u>COMPLAINT ¶47:</u>**

Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner
described herein.

**<u>ANSWER:</u>**

Defendants incorporate their responses to the other paragraphs of the Complaint.

Answering further, Defendants deny that Plaintiff or any members of the proposed class or

collective are entitled to any relief from Defendants whatsoever.

**<u>COMPLAINT ¶48:</u>**

Every hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for
Defendants' benefit.

**ANSWER:**

Defendants lack knowledge or information sufficient to admit or deny the allegations

contained in Paragraph 48 of the Complaint.  Answering further, Defendants deny that Plaintiff

or any members of the proposed class or collective are entitled to any relief from Defendants

whatsoever.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

**COMPLAINT ¶49:**

Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set
forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

Defendants repeat and restate their responses to each and every allegation set forth above

in response to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**COMPLAINT ¶50:**

29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less
than one and one-half times their regular rates of pay for all hours worked exceeding forty in a
workweek.

**ANSWER:**

Paragraph 50 purports to summarize 29 U.S.C. § 207(a), as to which no response is

required, but to the extent a response is deemed required, Defendants respectfully refer the Court

to the cited statute for a full and accurate statement of its contents.

**COMPLAINT ¶51:**

Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA
Plaintiffs are employees within the meaning of the FLSA.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 51 of the Complaint.

36166660v.3

**COMPLAINT ¶52:**

As described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

Defendants willfully violated the FLSA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

**ANSWER:**

Paragraph 54 purports to summarize the overtime provisions of the FLSA, as to which no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

**COMPLAINT ¶55:**

Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 54 of the Complaint.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

36166660v.3

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCCRR*

**COMPLAINT ¶56:**

Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

Defendants repeat and restate their responses to each and every allegation set forth above in response to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

**COMPLAINT ¶57:**

NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

**ANSWER:**

Paragraph 57 purports to summarize NYLL § 160 and 12 NYCCRR § 142-2.2, as to which no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents.

**COMPLAINT ¶58:**

Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

As described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

36166660v.3

**COMPLAINT ¶60:**

Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

**ANSWER:**

Paragraph 60 purports to summarize the overtime provisions of the NYLL, as to which

no response is required, but to the extent a response is deemed required, Defendants respectfully

refer the Court to the statute for a full and accurate statement of its contents.

**COMPLAINT ¶61:**

Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 61 of the Complaint.  Answering

further, Defendants deny that Plaintiff or any members of the proposed class or collective are

entitled to any relief from Defendants whatsoever.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages in Violation of the NYLL*

**COMPLAINT ¶62:**

Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

Defendants repeat and restate their responses to each and every allegation set forth above

in response to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

**COMPLAINT ¶63:**

NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

36166660v.3

**ANSWER:**

Paragraph 57 purports to summarize NYLL §§ 190, 191, and 663(1) as to which no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

**COMPLAINT ¶64:**

Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

As described above, Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs at their respective regular rates of pay for each hour that they worked in accordance with the agreed terms of employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

At the least, Plaintiff and Rule 23 Plaintiffs are entitled to recover for all hours worked for Defendants, but for which Defendants did not provide compensation, at their respective regular rates of pay.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay wages in accordance with the agreed terms of employment.

36166660v.3

**ANSWER:**

Defendants deny the allegations contained in Paragraph 67 of the Complaint.  Answering

further, Defendants deny that Plaintiff or any members of the proposed class or collective are

entitled to any relief from Defendants whatsoever.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

**COMPLAINT ¶68:**

Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation
set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

Defendants repeat and restate their responses to each and every allegation set forth above

in response to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

**COMPLAINT ¶69:**

NYLL § 195(3) requires that employers furnish employees with wage statements
containing accurate, specifically enumerated criteria on each occasion when the employer pays
wages to the employee.

**ANSWER:**

Paragraph 69 purports to summarize NYLL § 195(3) as to which no response is required,

but to the extent a response is deemed required, Defendants respectfully refer the Court to the

cited statute for a full and accurate statement of its contents.

**COMPLAINT ¶70:**

Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23
Plaintiffs are employees within the meaning of the NYLL.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

As described above, Defendants failed to furnish Plaintiff and Rule 23 Plaintiffs with wage statements on each payday that accurately contained the criteria that the NYLL requires.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 73 of the Complaint.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

**COMPLAINT ¶74:**

Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**

Defendants repeat and restate their responses to each and every allegation set forth above in response to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

36166660v.3

**COMPLAINT ¶75:**

NYLL § 191(d) requires that employers pay employees their wages not less than semi-monthly.

**ANSWER:**

Paragraph 75 purports to summarize NYLL § 191(d) as to which no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

**COMPLAINT ¶76:**

Defendants are employers within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

As described above, Defendants failed to pay Plaintiff and Rule 23 Plaintiffs on at least a semi-monthly basis, as the NYLL requires.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

**COMPLAINT ¶78:**

Plaintiff and Rule 23 Plaintiffs are entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 78 of the Complaint.  Answering further, Defendants deny that Plaintiff or any members of the proposed class or collective are entitled to any relief from Defendants whatsoever.

36166660v.3

## DEMAND FOR A JURY TRIAL

**COMPLAINT ¶79:**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**ANSWER:**

Defendants deny the Plaintiff's right to a trial by jury on all issues, and specifically object to the extent that the Plaintiff, or any of them, are not entitled to a trial by jury on any claims for equitable relief and/or on any other issues as to which a jury trial is not permitted as of right.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief and WHEREFORE clause at pages 16-17 of the Complaint, or otherwise.  Unless expressly admitted or otherwise responded to herein, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, in whole or in part, either on her own behalf or on behalf of those persons whom she purports to represent, or to whom she purportedly is similarly situated.

## SECOND DEFENSE

This action cannot be maintained as a collective action pursuant to 29 U.S.C. § 216(b).

36166660v.3

## THIRD DEFENSE

Defendants at all times, in all manners, acted in accordance with their duties and obligations under the FLSA, the NYLL, and their respective applicable regulations.

## FOURTH DEFENSE

To the extent that Defendants engaged in any acts or omissions found to be in violation of the FLSA, such acts or omissions were not willful, such that the statute of limitations can be no longer than two years pursuant to 29 U.S.C. § 255(a).

## FIFTH DEFENSE

Some or all of the activities for which the Plaintiff or any members of the putative class or collective seek overtime compensation were not an integral and indispensable part of the principal activities of their employment and therefore were not compensable.

## SIXTH DEFENSE

Even if Defendants failed to pay the Plaintiff or any members of the putative class or collective for any work performed, the uncompensated time is *de minimis* and therefore not compensable.

## SEVENTH DEFENSE

To the extent Plaintiff or any members of the putative class or collective deemed to be entitled to any relief, Defendants are entitled to an offset from such relief for any overpayments of wages it provided for work never actually performed, any damages incurred by such individuals' acts or omissions, inadvertent overpayment for hours worked, plus payments in connection with any release of claims.

36166660v.3

## EIGHTH DEFENSE

To the extent Plaintiff or any members of the putative class or collective are deemed to be entitled to any relief, Defendants are entitled to an offset based on the paid meal period and/or other paid break time during which they performed no work.

## NINTH DEFENSE

Equitable relief is barred because Plaintiff, and/or the prospective opt-in plaintiffs, have an adequate and complete remedy at law.

## RESERVATION OF RIGHTS

Defendants reserve their rights to seek leave to amend its Answer and/or raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against any Named Plaintiff or opt-in plaintiff based on facts learned during this litigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in its favor against Plaintiff as follows:

1. dismissing the Complaint in its entirety on the merits;

2. granting to Defendants the costs and expenses of this action, including attorneys' fees; and

3. awarding Defendants such other and further relief as the Court may deem just and proper.

36166660v.3

Dated: New York, New York
      December 23, 2016

Respectfully submitted,

SEYFARTH SHAW LLP


By: s/Howard M. Wexler
    Robert S. Whitman, Esq.
    Howard M. Wexler, Esq.
    rwhitman@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

*Attorneys for Defendants*

36166660v.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2016, I electronically filed the foregoing Answer, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

> Alexander T. Coleman
> Michael J. Borrelli
> Louis Moshe Leon
> Borrelli & Associates PLLC
> 1010 Northern Blvd
> Suite 328
> Great Neck, NY 11201
> 516-248-5550
> Fax: 516-248-6027
> Email:atc@employmentlawyernewyork.com
> mjb@employmentlawyernewyork.com
> lml@employmentlawyernewyork.com
>
> *Attorneys for Plaintiff*

> <u>s/ Howard M. Wexler</u>
> Howard M. Wexler

36166660v.3