# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 13, 2018

<u>Via ECF Only</u>
The Honorable Steven I. Locke
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Phyllis Carter v. Cablevision Systems Corp., et al.*,
            <u>Docket No.: 16-cv-06456 (JS)(SIL)</u>

Dear Judge Locke:

      As the Court knows, we represent the named-Plaintiff Phyllis Carter and the opt-in Plaintiff Mark Wellington (together as "Plaintiffs") in the above-referenced putative collective and class action arising under the Fair Labor Standards Act and the New York Labor Law. We write, jointly with counsel for Defendants, to apprise the Court of the status of this matter and to request that this Court revise the current scheduling order. To date, the parties have engaged in extensive paper and electronic discovery. Two party depositions have also occurred - - one for Plaintiff Carter and one Rule 30(b)(6) representative for Defendants, with the most recent occurring on April 11, 2018. Following those depositions, the parties are continuing to meet and confer and exchange additional documents and information that the parties identified at their respective depositions. Based upon the forthcoming production, additional depositions may be necessary in advance of Plaintiffs' contemplated motion for Rule 23 class certification and summary judgment and/or Defendants' motion for summary judgment.

      The parties are also continuing their ongoing efforts to attempt to resolve this case in the midst of this continued discovery. To that end, the parties jointly and respectfully request that this Court grant an extension of the current discovery schedule to allow for a sixty-day period of additional exchange and negotiations while the parties re-examine the possibility of settlement. The parties would then notify the Court by letter within seven days of the close of this sixty-day period, i.e., **on or before June 22, 2018**, with an update on their progress, and advising as to whether or not additional discovery is necessary before engaging in motion practice. The parties

anticipate that pre-certification discovery should be concluded by no later than August 24, 2018 if they are unable to resolve this matter before that time.

   As always, the parties are available to appear before Your Honor for a status conference to further discuss the case. We thank the Court for its time and attention to this matter while the parties attempt to narrow the scope of the issues and work towards a potential resolution of this more-complex-than-is-standard matter.

                Respectfully submitted,

                Michael R. Minkoff, Esq.
                  *For the Firm*

To: All Counsel *via* ECF